UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRENE MARIE BREAUX, Individually, and on behalf of her minor children, TCB and EJB, III, CANDACE MARY BREAUX, BRANDON BREAUX, ERICKA BREAUX and JAMIE BREAUX** | **C.A. NO. 15-cv-837**<br><br>**JUDGE: _____**<br><br>**MAG. JUDGE: _____** |

**vs.**

**THE GOODYEAR TIRE & RUBBER COMPANY, JOHN DOE AND NATHAN C.**

### DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY'S
### NOTICE OF REMOVAL

Defendant The Goodyear Tire & Rubber Company ("Goodyear") removes this civil action pursuant to 28 U.S.C. § 1441(a), files this notice of removal pursuant to 28 U.S.C. § 1446(b), and respectfully shows the Court the following:

1.      Plaintiffs' state court lawsuit was styled Case No. 61-964, Div. B; *Irene Marie Breaux, Individually, and on behalf of her minor children, TCB and EJB, III, Candace Mary Breaux, Brandon Breaux, Ericka Breaux, and Jamie Breaux v. The Goodyear Tire & Rubber Company, John Doe, and Nathan C.*; in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.  Petition, Exhibit A.

2.      Plaquemines Parish Government ("PPG") filed a petition in intervention.  Petition in Intervention, Exhibit B.

3.      This Court has jurisdiction over Plaintiffs' claims and Plaintiff-Intervenors' claims based on 28 U.S.C. § 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."

4.      It is facially apparent from the face of both Plaintiffs' and Plaintiff-Intervenor PPG's pleadings the amount in controversy is greater than $75,000.  28 U.S.C. § 1446(c)(2); *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66-67 (5th Cir. Feb. 1, 2010); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993).  The quantum of Plaintiffs' claims (well in excess of $75,000) suffices to establish the amount in controversy for Plaintiff-Intervenor PPG, as there is a single right of recovery for both Plaintiffs' and Plaintiff-Intervenor PPG.  *See* La. R.S. § 23:1103 (describing apportionment of single damages award between employer and employee).  Additionally, PPG's claim in intervention need not meet the amount in controversy requirement separately.  *See, e.g.*, *Territa v. Oliver*, No. 11-1830 Section "E," 2013 U.S. Dist. LEXIS 144770, at *10-11 (E.D. La. Oct. 7, 2013) ("Because the Territas' original claim against the defendants met the $75,000 jurisdictional threshold, Robert's claim in intervention need not meet the amount in controversy requirement.").  *See also* Section A, below.

5.      This action involves citizens of different States.  On the date this lawsuit was originally filed, and at all times thereafter, Plaintiffs were and are now individuals residing in (and therefore a citizen of) the state of Louisiana.  *See* Petition, Exhibit A, at ¶¶ 1-5.  On the date this lawsuit was originally filed, and at all times thereafter, Plaintiff-Intervenor PPG—a plaintiff for purposes of determining diversity—was and is now a citizen of the state of Louisiana.  *See Norwood v. Grocers Supply Co.*, No. 12-cv-751, 2013 U.S. Dist. LEXIS 25510, **9-10 (W.D. La. Feb. 25, 2013) (describing the "plaintiff-side alignment" of the workers' compensation carrier);

*Plaquemines Parish v. Rozel Operating Co.*, No. 13-6722, 2015 U.S. Dist. LEXIS 10492, *6 (E.D. La. Jan. 29, 2015) ("[T]he Parish, as a subdivision of the State of Louisiana, is considered a citizen of Louisiana for diversity jurisdiction purposes."

6.     On the date this lawsuit was originally filed, and at all times thereafter, Goodyear was and is now an Ohio citizen (and more precisely, an Ohio corporation with its principal place of business in Akron, Ohio). *See* 28 U.S.C. § 1332(c)(1). The remaining fictitious and partially-named defendants, "John Doe" and "Nathan C.," are not considered for diversity purposes. 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."). Alternatively, the remaining fictitious and partially-named defendants are fraudulently or improperly joined. *See also* Section B, below.

7.     Plaintiffs brought their civil action in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana. The United States District Court for the Eastern District of Louisiana is the district embracing the place where such action is pending.

8.     This removal is filed within 30 days of service upon Goodyear, *see* Notice of Service of Process, Exhibit C, and is therefore timely filed under 28 U.S.C. § 1446(b). Neither fictitious nor partially-named defendant (John Doe and Nathan C.) have been served. Indeed, Plaintiffs have not requested service on either Defendant John Doe or Defendant "Nathan C." *See* Petition, Exhibit A, at 8. Additionally, because Goodyear alleges Defendants John Doe and Nathan C. are improperly or fraudulently joined, neither needs to consent to Goodyear's removal. *Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993) ("[A]pplication of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

9.      Pursuant to Local Rule 10.1, an executed Civil Cover Sheet is attached hereto as Exhibit D.

10.     Pursuant to Local Rule 3.2(c), a list of all parties remaining in the action is attached as Exhibit E.  A copy of all pleadings filed in the state court and a copy of the return of service of process filed in state court is attached as Exhibit F.

11.     A true and correct copy of this Notice of Removal will be filed with the clerk of the court for the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, pursuant to 28 U.S. C. § 1446(d).

**A.      It is Facially Apparent the Amount in Controversy Exceeds $75,000.**

12.     Plaintiffs do not specify a dollar certain in their pleading.  However, where it is "facially apparent" Plaintiffs' claim is for an amount in excess of $75,000, exclusive of costs and interest, diversity jurisdiction exists.[1]  *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66-67 (5th Cir. Feb. 1, 2010); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993); *Stockstill v. Wal-Mart Stores, Inc.*, No. 10-95-FJP-SCR, 2010 U.S. Dist. LEXIS 142620, at *7 (M.D. La. Dec. 20, 2010) ("A review of the types of injuries alleged in the petition at the time of removal clearly establish that the jurisdictional amount has been met.").

13.     In *Menendez v. Wal-Mart*, Plaintiffs sought "damages for their personal injuries, including their mental pain and suffering, sustained as a result of Mr. Menendez's death."  Further, plaintiff Adelfa Mancillas de Menendez, the wife of Mr. Menendez, sought "damages for loss of

---

[1] Goodyear expressly reserves its right to deny liability, to assert its defenses, and to contest the amount of any alleged damages. *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("[T]he pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.") (citation omitted and emphasis in original).

companionship and consortium."  As the Fifth Circuit explained, "these allegations, taken on their

face, establish that the amount in controversy requirement is satisfied."  *Menendez*, 364 F. App'x

at 67.

14.     Similarly in this case, Plaintiffs seek damages on behalf of the decedent, alleging

he received "serious physical injuries" on February 5, 2014, Exhibit A at ¶ 11, and that he was

hospitalized and died a month later, on March 5, 2014 from "those severe injuries."  Exhibit A. at

¶ 13.  Plaintiffs also seek damages for the decedent's spouse and children, including past and future

loss of society, consortium, services, support, and economic losses.  Exhibit A at ¶¶ 28, 29.  These

types of claims, "taken on their face," establish the $75,000 threshold.  *Menendez*, 364 F. App'x

at 67.

15.     Plaintiff-Intervenor PPG claims a right of first dollar satisfaction from any

judgment paid to Plaintiffs.  Petition in Intervention, Exhibit B, at ¶ 4.  There is a single right of

recovery from Goodyear by both Plaintiffs and Plaintiff-Intervenor PPG.  *See* La. R.S. § 23:1103

(describing apportionment of single damages award between employer and employee); *Porter v.*

*Saia Motor Freight Line*, 692 So. 2d 1197, 1200 (La.App. 3 Cir. Mar. 19, 1997) ("[O]nce the

injured employee has initiated an action against the third person, the employer is no longer free to

bring its own action, but must intervene in the suit of the employee.").  Accordingly, the amount

in controversy is satisfied by looking to Plaintiffs' claim, rather than to PPG's intervention.  *See,*

*e.g.*, *Lampe v. Genuine Parts Co.*, 463 F. Supp. 2d 928 (E.D. Wis. 2006) (finding sufficient amount

in controversy based on Plaintiffs' pleading where insurers' claims were based solely upon their

subrogation interests);  Moreover, PPG claims it has paid, and is continuing to pay, workers'

compensation benefits to Plaintiffs.  Petition in Intervention, Exhibit B, at ¶ 3.  PPG was and is

obligated to pay medical benefits, La. R.S. § 23:1203; burial expenses, La. R.S. § 23:1210; and payments to the decedents' legal dependents of sixty-five percent of wages, La. R.S. §§ 23:1231, 1232(3), 1233.  These amounts are also "facially" in excess of $75,000.  *See Menendez*, 364 F. App'x at 67.  Finally, PPG's claim in intervention need not meet the amount in controversy requirement separately.  *See, e.g.*, *Territa v. Oliver*, No. 11-1830 Section "E," 2013 U.S. Dist. LEXIS 144770, at *10-11 (E.D. La. Oct. 7, 2013) ("Because the Territas' original claim against the defendants met the $75,000 jurisdictional threshold, Robert's claim in intervention need not meet the amount in controversy requirement.").

**B.     Neither the John Doe nor "Nathan C." Defendant Destroy Diversity.**

16.     Plaintiffs, Plaintiff-Intervenor PPG, and Defendant Goodyear are diverse.  *See* ¶¶ 5-6, above.  However, Plaintiffs have also attempted to include two defendants for the sole purpose of destroying diversity of citizenship:  defendant "John Doe" and defendant "Nathan C."

17.     Neither of the fictitious and partially-named defendants, "John Doe" and "Nathan C.," should be considered for diversity purposes.  Section § 1441(b)(1) specifically states that "the citizenship of defendants sued under fictitious names shall be disregarded."   28 U.S.C. § 1441(b)(1).

18.     Alternatively, the John Doe and Nathan C. defendants have been improperly joined and their citizenship should not be considered for diversity purposes.

**1.     The Standard for Improper Joinder.**

19.     To establish improper joinder, a removing party must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.

2003).  Goodyear has removed this case based on the second test:  Plaintiffs cannot establish a cause of action against John Doe and Nathan C., the purportedly non-diverse defendants.

20.     Under the second test, the "removing defendant [need not demonstrate an absence of *any possibility* of recovery in state court] … the defendant must demonstrate only that there is no *reasonable* basis for predicting that the plaintiff will recover in state court."  *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original).  Further, a "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder.  *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 463 (5th Cir. 2003); *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

21.     When deciding whether the plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is limited to the causes of action and allegations asserted in the complaint.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).  As the non-removing party, the plaintiff may not rely on new causes of action or new theories of recovery outside the controlling state court petition.  *Id.*  In this case, Plaintiffs have not pleaded any causes of action against John Doe or Nathan C. providing Plaintiffs a reasonable basis of recovery.

**2.      Plaintiffs Have Not Pleaded a Viable Claim Against John Doe or Nathan C.**

22.     According to Plaintiffs, John Doe was a manager of a "Goodyear Auto Service Center."  Nathan C. was a sales associate.  Both allegedly had some unspecified "duty . . . to pass on all safety bulletins or warnings issued by Goodyear regarding the tire . . . ."  Petition, Exhibit A, at ¶¶ 8, 9, 26.

23.     First, there is no duty of care imposed by law on individuals to "pass on" safety information or warnings.  There is no cause of action under Louisiana law (or the law of any state

for that matter) for failure to "pass on or relay[] warnings."  The only way either John Doe or Nathan C. could have any sort of personal duty to warn would have been if they had knowledge of a hazard.  Plaintiffs do not allege any such knowledge.  *See, e.g.*, *Battenfield v. Wal-Mart Stores, Inc.*, No. 2:11-cv-1537, 2013 U.S. Dist. LEXIS 32602, *10-11 (W.D. La. March 8, 2013) (rejecting claims of failure of shift manger to warn plaintiff of a condition about which the shift manager had no knowledge and denying motion to remand).

24.     Second, to the extent Plaintiffs allege John Doe or Nathan C. owed some duty to *Goodyear* that resulted in an injury to Plaintiffs, Plaintiffs (1) do not allege Goodyear delegated a duty to either John Doe or Nathan C. to "pass on" safety information or warnings issued by Goodyear; (2) do not allege John Doe or Nathan C. breached any duty through "personal fault;" and (3) do not allege the obligation to "pass on" safety information or warnings was anything other than part general administrative responsibility.  *Cf. Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973) (addressing the narrow circumstances where breach of a delegated duty could give rise to personal liability).  "[A]n employee cannot be held liable 'simply because of his general administrative responsibility for performance of some function of the employment.'"  *Battenfield*, 2013 U.S. Dist. LEXIS 32602 at *13 (quoting *Canter*, 283 So. 2d 721).  *See also Kemp v. CTL Distrib.,* 440 Fed. Appx. 240, 245-46 (5th Cir. 2011) (in a wrongful death action, finding a manager was improperly joined when "Plaintiffs have merely alleged that [the manager] had general safety responsibilities . . . not alleg[ing] facts or identified evidence that create a possibility that [the manager] owed a personal duty . . . .").

25.     Third, if Plaintiffs mean to imply John Doe and Nathan C. are sellers of Goodyear tires, their claims fail on that front too.  "Under Louisiana law, a non-manufacturer seller of a

product has a duty to warn a purchaser only of defects of which it knows or should have known." *Bellow v. Fleetwood Motor Homes*, No. 06-2039, 2007 U.S. Dist. LEXIS 35997, *5 (W.D. La. Apr. 13, 2007). Plaintiffs do not—and cannot—plead either John Doe or Nathan C. knew or should have known of any alleged "zipper failure" tire defect.

26.     Plaintiffs have not actually sued the real persons designated as John Doe or Nathan C. To the extent Plaintiffs might seek to add actual defendants in John Doe or Nathan C.'s stead, such an act would be fruitless. Because Goodyear would be vicariously liable for the actions of its employees (so long as its employees were acting within the course and scope of their employment), Plaintiffs have nothing to gain by joining the real persons currently designated at John Doe and Nathan C. *See Ellsworth, Leblanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.*, No. 03-0613, 2003 U.S. Dist. LEXIS 13546 at *3 (E.D. La. July 30, 2003); *Floyd v. Wal-Mart La., LLC*, No. 09-01489, 2010 U.S. Dist. LEXIS 67496, **7-8 (W.D. La. May 7, 2010).

27.     There is no reasonable basis to predict Plaintiffs can establish a cause of action against John Doe or Nathan C. Both are improperly joined and their alleged Louisiana domiciles should not be considered for purposes of diversity jurisdiction**.**

Accordingly, Goodyear hereby removes this action from the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/ Charles L. Chassaignac, IV*

**CHARLES L. CHASSAIGNAC, IV (#20746)**
**MATTHEW L. MANN (#31851)**
**KELLYE R. GRINTON (#34738)**
Porteous, Hainkel & Johnson, L.L.P.
343 Third Street, Suite 302
Baton Rouge, LA  70801-1309
Telephone:  (225) 383-8900
Facsimile: (225) 383-7900
cchassaignac@phjlaw.com

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRENE MARIE BREAUX, Individually, and on behalf of her minor children, TCB and EJB, III, CANDACE MARY BREAUX, BRANDON BREAUX, ERICKA BREAUX and JAMIE BREAUX** | **C.A. NO. 15-cv-837**<br><br>**JUDGE: _____**<br><br>**MAG. JUDGE: _____** |

**vs.**

**THE GOODYEAR TIRE & RUBBER COMPANY, JOHN DOE AND NATHAN C.**

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH 28 U.S.C. § 1446(D)

I hereby certify that on this 18th day of March, 2015, a copy of the foregoing Notice of Removal has been forwarded by the United States Mail, with proper and sufficient first class postage affixed, addressed to:

| | |
|---|---|
| *__Counsel for Plaintiffs__*<br>S. Daniel Meeks<br>MEEKS & ASSOCIATES, LLC<br>3401 West Esplanade Avenue South, Suite 3<br>Metairie, Louisiana  70002<br><br>*__Counsel for Plaquemines Parish Government__*<br>James D. Hollier<br>NEUNERPATE<br>1001 W. Pinhook Rd., Ste. 200<br>Lafayette, Louisiana  70505 | *__Clerk of the 25th Judicial District Court Parish of Plaquemines__*<br>301 Main Street, Suite 108<br>Belle Chase, Louisiana  70037 |

*/s/ Charles L. Chassaignac, IV*
**CHARLES L. CHASSAIGNAC, IV**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRENE MARIE BREAUX, Individually, and on behalf of her minor children, TCB and EJB, III, CANDACE MARY BREAUX, BRANDON BREAUX, ERICKA BREAUX and JAMIE BREAUX** | **C.A. NO. 15-cv-837**<br><br>**JUDGE: _____**<br><br>**MAG. JUDGE: _____** |

**vs.**

**THE GOODYEAR TIRE & RUBBER COMPANY, JOHN DOE AND NATHAN C.**

## <u>LIST OF PARTIES</u>

### *Plaintiffs*
Irene Marie Breaux, individually, and o/b/o her minor children, TCB and EJB, III, Candace Mary Breaux, Brandon Breaux, Ericka Breaux and Jamie Breaux

### *Defendant*
The Goodyear Tire & Rubber Company

### *Intervenor*
Plaquemines Parish Government

Respectfully submitted,

*/s/ Charles L. Chassaignac, IV*
**CHARLES L. CHASSAIGNAC, IV (#20746)**
**MATTHEW L. MANN (#31851)**
**KELLYE R. GRINTON (#34738)**
Porteous, Hainkel & Johnson, L.L.P.
343 Third Street, Suite 302
Baton Rouge, LA 70801-1309
Telephone: (225) 383-8900
Facsimile: (225) 383-7900
cchassaignac@phjlaw.com

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IRENE MARIE BREAUX, Individually, | C.A. NO. 15-cv-837 |
| and on behalf of her minor children, TCB | |
| and EJB, III, CANDACE MARY | JUDGE: _____ |
| BREAUX, BRANDON BREAUX, | |
| ERICKA BREAUX and JAMIE BREAUX | MAG. JUDGE: _____ |

vs.

**THE GOODYEAR TIRE & RUBBER COMPANY, JOHN DOE AND NATHAN C.**

### LIST OF PLEADINGS FILED IN THE 25TH JUDICIAL DISTRICT COURT

1. State Court Certification of Record

2. Jury Order (requested by Goodyear)

3. Goodyear's Answer to Petition for Damages

4. Goodyear's Answer to Petition for Intervention and Request for Notice

5. Citation (service of Petition for Intervention upon Goodyear)

6. Plaquemines Parish Government's Petition for Intervention and Request for Notice

7. Plaintiffs' Petition for Damages

8. Plaintiffs' Interrogatories to Goodyear

9. Notice of Service of Process of plaintiffs' Petition, upon Goodyear

10. Notice of Removal to Federal Court

Respectfully submitted,

*/s/ Charles L. Chassaignac, IV*

**CHARLES L. CHASSAIGNAC, IV (#20746)**
**MATTHEW L. MANN (#31851)**
**KELLYE R. GRINTON (#34738)**
Porteous, Hainkel & Johnson, L.L.P.
343 Third Street, Suite 302
Baton Rouge, LA  70801-1309
Telephone:  (225) 383-8900
Facsimile: (225) 383-7900
cchassaignac@phjlaw.com

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**IRENE MARIE BREAUX, Individually,**          C.A. NO. 15-cv-837
**and on behalf of her minor children, TCB**
**and EJB, III, CANDACE MARY**                 JUDGE: _____
**BREAUX, BRANDON BREAUX,**
**ERICKA BREAUX and JAMIE BREAUX**     MAG. JUDGE: _____

**vs.**

**THE GOODYEAR TIRE & RUBBER**
**COMPANY, JOHN DOE AND NATHAN**
**C.**

<u>**ORDER**</u>

  **CONSIDERING** the foregoing Notice of Removal;

It is hereby order that the Removal is **GRANTED.**

  **NEW ORLEANS, LOUISIANA**, this _____ day of _____, 2015.

_____
JUDGE
USDC, EASTERN DISTRICT OF LOUISIANA