

CORPORATION SERVICE COMPANY

## Notice of Service of Process

null / PERINJ
Transmittal Number: 13471694
Date Processed: 02/16/2015

| | |
|---|---|
| Primary Contact: | Bert Bell Dept 822 Esq.<br>The Goodyear Tire & Rubber Company<br>200 Innovation Way<br>Akron, OH 44316-0001 |
| Entity: | The Goodyear Tire & Rubber Company<br>Entity ID Number 2385176 |
| Entity Served: | The Goodyear Tire & Rubber Company |
| Title of Action: | Irene Marie Breaux vs. The Goodyear Tire & Rubber Company |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Personal Injury |
| Court/Agency: | Plaquemines Parish District Court, Louisiana |
| Case/Reference No: | 61-964 |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 02/16/2015 |
| Answer or Appearance Due: | 15 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | S. Daniel Meeks<br>504-355-0020 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



EXHIBIT A

CITATION 

IRENE M BREAUX ET AL

Versus

THE GOODYEAR TIRE & RUBBER
COMPANY ET AL



Case: 00061964
Division: B
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: THE GOODYEAR TIRE & RUBBER COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICE COMPANY
320 SOMERULOS ST.
BATON ROUGE, LA 70802

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Thursday, February 05, 2015.

Req. By:
S. DANIEL MEEKS
ATTORNEY FOR PLAINTIFF
504-355-0020

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

### Service Information

Received on the _____ day of _____, 20___ and on the _____ day of _____, 20___ served the above named party as follows:

Personal Service on the party herein named _____
Domiciliary Service on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____ a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20___

Service    $_____
                                By: _____
Mileage    $_____            Deputy Sheriff

Total      $_____

[ ORIGINAL ]

25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

NO. 6d-964                                    DIVISION B

IRENE MARIE BREAUX, Individually, and on behalf of her minor children, ▮▮▮▮ CANDACE MARY BREAUX, BRANDON BREAUX, ERICKA BREAUX and JAMIE BREAUX

versus

THE GOODYEAR TIRE & RUBBER COMPANY, JOHN DOE, and NATHAN C.

**FILED**
FEB 05 2015
/s/EDWARD E. KIRBY
DY. CLERK

FILED:_____     _____
                                    DEPUTY CLERK

**PETITION FOR DAMAGES**

NOW INTO COURT, come Plaintiffs, IRENE MARIE BREAUX, Individually, and on behalf of her minor children, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, CANDACE MARY BREAUX; BRANDON BREAUX; ERICKA BREAUX; and JAMIE BREAUX, who respectfully show, upon information and belief as follows:

**THE PARTIES AND FACTS**

1.

At all times material hereto, Plaintiff Irene Marie Breaux, was a major and citizen of the State of Louisiana, Parish of Plaquemines, and was the spouse of Elwood J. Breaux, Jr., who is now deceased as a result of injuries which are the subject of this litigation, and the mother of the minor children of the Plaintiff Irene Marie Breaux and the Decedent Elwood J. Breaux, Jr., ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2.

At all times material hereto, Elwood Breaux, Jr. was the legal spouse of Irene Marie Breaux, and resided in the Parish of Plaquemines, State of Louisiana.

3.

At all times material hereto, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Candace Mary Breaux, Brandon Breaux, Ericka Breaux and Jamie Breaux, were the natural children of the Deceased Elwood J. Breaux, Jr.

4.

At all times material hereto, Candace Mary Breaux and Brandon Breaux, were residents of the Parish of Plaquemines, State of Louisiana.

5.

At all times material hereto, Ericka Breaux and Jamie Breaux, were residents of the Parish of Jefferson, State of Louisiana.

6.

At all times material hereto, Defendant The Goodyear Tire & Rubber Company [Goodyear] was a foreign corporation authorized to and doing business in the State of Louisiana.

7.

At all times material hereto, Goodyear Auto Service Center was a Division of The Goodyear Tire & Rubber Company.

8.

At all times material hereto, Defendant John Doe, whose name is not known at this time, was the Manager of the Goodyear Auto Service Center located at 225 Lapalco Blvd., Gretna, Louisiana, where the tire which is the subject of this litigation was purchased, and was a resident of the State of Louisiana.

9.

At all times material hereto, Defendant Nathan C., whose full name is not known at this time, was a Sales Associate at the Goodyear Service Auto Service Center located at 225 Lapalco Blvd., Gretna, Louisiana, where the tire which is the subject of this litigation was purchase, and was a resident of the State of Louisiana. Defendant Nathan C. was the Sales Associate who conducted and processed the sale of the tire which is the subject of this litigation to Plaquemines Parish.

10.

At all times relevant hereto and, on or about February 5, 2014, the Decedent Elwood Breaux, Jr. was employed by the Parish of Plaquemines as the operator of a tractor-trailer dump truck [the Truck] used for waste disposal.

11.

On or about February 5, 2014, the Decedent Elwood Breaux, Jr. was assisting a co-employee of Plaquemines Parish air up a Goodyear G182 RSD model tire [the Tire] at the Plaquemines Parish Solid Waste Disposal North in Plaquemines Parish, after a hole in the Tire caused by a nail or screw had been repaired. As the Plaquemines Parish employee proceeded to inflate the Tire, the Tire developed a "zipper failure" causing the sidewall to suddenly rupture, releasing air, resulting in a violent explosion. As a result of the aforementioned violent explosion, the Decedent Elwood Breaux, Jr. was struck by air escaping from the Tire, causing the Decedent Elwood Breaux, Jr. to be knocked in the air backwards, landing on the ground and causing serious physical injuries to his body.

12.

The Tire had been purchased from Goodyear by Plaquemines Parish pursuant to a contract Goodyear had with the State of Louisiana, and was delivered to Plaquemines Parish on October 10, 2013. The Tire was installed on the Truck approximately one (1) month before the violent explosion of the Tire which is the subject of this litigation. The Tire was substantially in the same condition on the day of the violent explosion as when the Tire was first manufactured, sold and distributed by Goodyear and released into the stream of commerce and delivered to Plaquemines Parish, except for reasonable, foreseeable use.

13.

As a direct and proximate result of the severe injuries suffered by the Decedent Elwood Breaux, Jr., the Decedent Elwood Breaux, Jr. was hospitalized, and as a direct and proximate result of those severe injuries, the Decedent Elwood Breaux, Jr. died on March 5, 2014.

14.

Goodyear designed, manufactured, tested, inspected, distributed and sold the Tire for use on commercial vehicles such as the Truck.

15.

Prior to February 5, 2014, Goodyear knew tires such as the Tire which is the subject of this litigation, could be subject to rupture or failure due to "zipper failure", if not properly designed, manufactured, assembled, inspected, distributed and sold.

16.

In fact, prior to the manufacture, assembly, distribution and sale of the Tire which is the subject of this litigation, Goodyear had obtained a patent to provide exclusive rights to incorporate certain tire sidewall safety features into the sidewall of radial tires manufactured, assembled, distributed and sold by Goodyear, such as the Tire which is the subject of this litigation, to eliminate or reduce the risk of "zipper failure".

17.

Notwithstanding such knowledge and ownership interest in the aforementioned patent, Goodyear failed to incorporate such safety features in the Tire, which is the subject of this litigation.

18.

Prior to, and at the time of the Decedent Elwood Breaux, Jr.'s participation in the inflating of the Tire, the Decedent Elwood Breaux, Jr. and Plaquemines Parish employees were unaware and had received no warning from Goodyear of the dangerous propensities of the Tire, or other G182 RSD radial truck tires, to rupture, or fail due to "zipper failure", and thereby cause a risk of serious injury.

**CAUSES OF ACTION AGAINST GOODYEAR**

19.

Goodyear is the manufacturer and seller of the Tire which is the subject of this litigation.

4

20.

The Tire, which was manufactured, sold and supplied to Plaquemines Parish, which is the subject of this litigation, was not accompanied by proper warnings relative to the dangers, tendencies, abilities and propensities of the Tire to cause injury to persons due to failure of the sidewall of the Tire through a so-called "zipper failure".

21.

The Tire, which was manufactured, sold and supplied by Goodyear was defective due to inadequate post-marketing warnings and/or instructions, when Goodyear knew or should have known of the risk of injury and death due to failure of the Tire sidewall through a so-called "zipper failure". Goodyear failed to provide adequate warnings in spite of the knowledge it had or should have had of the risk of injury and death due to failure of the Tire sidewall through so-called "zipper failure", and continued to aggressively promote and sell G182 RSD tires, such as the Tire which is the subject of this litigation.

22.

Alternatively, the Tire which is the subject of this litigation, manufactured, sold and supplied by Goodyear was defective in design, construction and composition, and, when it left the hands of Goodyear, and/or Goodyear Auto Service Center, it was unreasonably dangerous, more dangerous than the ordinary consumer would expect, and more dangerous than it would have been if available alternatives to the design, construction or composition of the sidewall of the tire had been used. In addition, the Tire which is the subject of this litigation, manufactured, sold, and supplied by Goodyear, was defective due to inadequate warnings, trials, testings, studies, and inadequate reporting regarding the results of such trials, testings and studies.

23.

The negligence of Goodyear was the proximate cause of the severe injuries suffered by the Decedent Elwood Breaux, Jr. and the death of the Decedent Elwood Breaux, Jr.

24.

Solely by reason of the acts and omissions of Goodyear as set forth above, without any negligence on the part of the Decedent Elwood Breaux, Jr., or any other party contributing thereto, the Decedent Elwood Breaux, Jr. was severely injured, and those severe injuries resulted in the death of Elwood Breaux, Jr.

**CAUSES OF ACTION AGAINST JOHN DOE AND NATHAN C.**

25.

At all times material hereto, is was the business practice of Goodyear to furnish product safety bulletins and warnings to its dealers, who were to pass on the safety bulletins and warnings to customers who purchased Goodyear tires, such as Plaquemines Parish.

26.

It was the duty of John Doe and Nathan C. to pass on all safety bulletins or warnings issued by Goodyear regarding the tire which is the subject of this litigation to the purchaser of the Tire, Plaquemines Parish. Neither Joe Doe, Nathan C., and anyone with Goodyear or Goodyear Auto Service Center passed on or relayed any warning to Plaquemines Parish of the dangers, tendencies, abilities and propensities to cause injury the Tire posed due to the failure of the tire sidewall through a so-called "zipper failure".

**DAMAGES**

27.

As a direct and proximate result of the acts and omissions of Goodyear and/or John Doe and/or Nathan C. as set forth herein, the Decedent Elwood Breaux, Jr. suffered the following damages:

    a. Pain and suffering;

    b. Loss of society;

    c. Loss of services;

  d. Loss of enjoyment of life;

  e. Medical expenses; and

  f. Economic losses

28.

As the direct and proximate result of the actions and inactions of Goodyear and/or John Doe and/or Nathan C. as set forth above, the Plaintiff Irene Marie Breaux suffered the following damages because of the injuries to and death of the Decedent Elwood J. Breaux, Jr.:

  a. Past and future loss of society and consortium;

  b. Past and future loss of services;

  c. Past and future loss of support and economic losses; and

  d. Funeral and burial expenses for the Decedent Elwood J. Breaux, Jr.

29.

As a direct and proximate result of the actions and inactions of Goodyear and/or John Doe and/or Nathan C. as set forth above, the Plaintiffs ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Candace Marie Breaux, Brandon Breaux, Ericka Breaux and Jamie Breaux suffered the following damages because of the injuries to and death of their father Elwood J. Breaux, Jr.:

  a. Past and future loss of society, consortium, nurturing and guidance;

  b. Past and future loss of services;

  c. Past and future economic loss.

WHEREFORE, the premises considered, the Plaintiffs request service of process be made on the Defendants, Goodyear, John Doe, and Nathan C., and after due proceedings are had, Judgment be awarded the Plaintiffs against the Defendants Goodyear, John Doe, and Nathan C. as follows:

  a. For compensatory damages as itemized above for the injuries to and death of the Decedent Elwood Breaux, Jr. in an amount to be determined by the trier of fact;

  b. Legal interest from the date of judicial demand until paid in full;

  c. For all taxable costs; and

7

    d. For such further and other relief as this Honorable Court may deem just and proper under the circumstances.

Respectfully submitted,

**MEEKS & ASSOCIATES, LLC**

*/s/ S. Daniel Meeks*

S. DANIEL MEEKS (# 9407)
NICHOLAS J. LORUSSO (#21728)
LAURENCE R. DeBUYS ($14202)
DANIELLE M. MEEKS (#35245)
3401 West Esplanade Avenue South
Suite 3
Metairie, Louisiana 70002
Telephone: 504/355-0020
Facsimile: 504/355-0024
Attorney for Plaintiffs

**PLEASE SERVE:**

**THE GOODYEAR TIRE & RUBBER COMPANY**
Through its registered agent for service of process:
**CORPORATION SERVICE COMPANY**
320 Somerulos Street
Baton Rouge, Louisiana 70802
**Please serve Interrogatories with the Petition for Damages**

**JOHN DOE**
**Hold service at this time**

**NATHAN C.**
**Hold service at this time**

*A TRUE COPY*
*Dy. Clerk of Court*
*Parish of Plaquemines, La*

25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

NO: 61-964                                                    DIVISION B

IRENE MARIE BREAUX, Individually, and on behalf of her minor children, ███████████, CANDACE MARY BREAUX, BRANDON BREAUX, ERICKA BREAUX and JAMIE BREAUX

FILED
FEB 05 2015
/s/EDWARD E. KIRBY
DEPUTY CLERK

versus

THE GOODYEAR TIRE & RUBBER COMPANY, JOHN DOE AND NATHAN C.

FILED:_____          _____
                                        DEPUTY CLERK

### INTERROGATORIES TO DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY

TO:   THE GOODYEAR TIRE & RUBBER COMPANY
      Through its registered agent for service of process:
      CORPORATION SERVICE COMPANY
      320 Somerulos Street
      Baton Rouge, Louisiana   70802

NOW INTO COURT, come Plaintiffs, IRENE MARIE BREAUX, Individually, and on behalf of her minor children, ███████████████████████ ███████████████ CANDACE MARY BREAUX; BRANDON BREAUX; ERICKA BREAUX; and JAMIE BREAUX, and pursuant to the Louisiana Code of Civil Procedure, serves the Defendant, **THE GOODYEAR TIRE & RUBBER COMPANY**, with the subject Interrogatories to be answered within the time delays allowed by law, in writing and under oath. Said Interrogatories are continuing and require supplementation at any time information becomes known prior to trial which renders the existing responses incomplete or incorrect.

### DIRECTIONS

Where the word "you" or "your" is used, it is intended to develop information possessed by you, your attorneys, your agents, and your attorney's agents.

Where the term "Incident" or "Incident in Suit" is used, it refers to the Incident which is the subject of this litigation.

The term "health care provider" includes doctors, nurses, surgeons, chiropractors, psychiatrists, psychologists, social workers, physical rehabilitationists, therapists, hospitals, clinics, doctor's offices and any other person or entity from whom you have sought medical treatment.

Where you are asked to "identify" a person, you are to supply such person's full name, nickname, address, telephone number, employer and employment position. When you are asked to "identify" a business entity, you are to provide its full name, address and telephone number.

These interrogatories are to be deemed continuing and require immediate supplementation upon your learning of any information that renders your responses incomplete or incorrect.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the manager or person in charge of the Goodyear Auto Service Center located at 225 Lapalco Blvd., Gretna, Louisiana in October 2013, and provide his name, address and current employment status.

**INTERROGATORY NO. 2:**

Provide the name, address and current employment status of the Sales Associate named "Nathan C" who processed the purchase of the tire to the Plaquemines Parish Government in October 2013, under Goodyear Auto Service Center Invoice 080811 attached hereto.

Respectfully submitted,
MEEKS & ASSOCIATES, LLC

_____
S. DANIEL MEEKS (# 9407)
NICHOLAS J. LORUSSO (#21728)
LAURENCE R. DeBUYS ($14202)
DANIELLE M. MEEKS (#35245)
3401 West Esplanade Avenue South
Suite 3
Metairie, Louisiana 70002
Telephone: 504/355-0020
Facsimile: 504/355-0024
Attorney for Plaintiffs

