```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

IRENE MARIE BREAUX, ET AL.                CIVIL ACTION

VERSUS                                    NO: 15-0837

GOODYEAR TIRE & RUBBER CO.,               SECTION: "A" (4)
ET AL.
```

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 5)** filed by plaintiffs Irene Marie Breaux, Candace Mary Breaux, Brandon Breaux, Ericka Breaux, and Jamie Breaux ("Plaintiffs"). Defendant Goodyear Tire & Rubber Co. ("Goodyear") opposes the motion. The motion, scheduled for submission on June 17, 2015, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

I.  BACKGROUND

This lawsuit arises out of an incident that took place on February 5, 2014. Decedent, Elwood Breaux, Jr., was assisting a fellow Plaquemines Parish Government employee inflate a tire manufactured by Defendant. While in the process of inflating the tire, the tire allegedly developed a "zipper failure" and exploded. Decedent sustained injuries and died on March 5, 2014.

Plaintiffs claim that the tire failure caused not only injuries to decedent but also his eventual death. They allege

1

actions against Goodyear including products liability claims, failure to warn, and general negligence.  In addition to Goodyear, Plaintiffs have also named two fictitious individual defendants whom Plaintiffs claim were involved in the purchase of the tire at a store in Louisiana and failed to pass on warnings about the possible defects in the tires.

In the present motion, Plaintiffs argue that the case must be remanded because they have viable claims for failure to warn against the two allegedly non-diverse individuals.  They further argue that the Court should consider these defendants' citizenship for purposes of determining diversity jurisdiction.

Goodyear argues that the case should not be remanded as the statutory language is clear that the citizenship of fictitiously named defendants should be disregarded in a jurisdictional analysis.  Further, Goodyear contends that Plaintiffs have no viable claim against the individual defendants.

## II.  DISCUSSION

Generally, a defendant may remove a civil action filed in state court if the federal court to which it is removed could have exercised original jurisdiction over the action.  See 28 U.S.C. § 1441(a).  The removing defendant bears the burden of demonstrating that the federal court has jurisdiction.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Federal courts have original jurisdiction over actions where

2

the amount in controversy, exclusive of costs and interest, exceeds $75,000.00 and complete diversity of citizenship exists between all plaintiffs and defendants.  See 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). While a federal court must remand a civil action to state court if it lacks subject-matter jurisdiction at any time before final judgment is entered, 28 U.S.C. § 1447(c), for the purpose of determining whether the parties are completely diverse, a court must examine the parties' citizenship at the time the lawsuit is commenced.  *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992) ("Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time suit was filed.") (citation omitted); *Seafoam, Inc. v. Barrier Sys., Inc.*, 830 F.2d 62, 67 (5th Cir. 1987) ("It is well established law that the jurisdiction of a federal court sitting in diversity is determined as of the time of filing of the complaint.").

When a non-diverse party is joined as a defendant, a federal court lacks subject-matter jurisdiction and the case may not be removed from state court.  However, a defendant may remove the case if it can show that the non-diverse party was improperly joined.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

28 U.S.C. § 1441 provides, in pertinent part, "In determining whether a civil action is removable on the basis of

the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  Plaintiffs argue that the Court should apply an exception to this language referenced in some older cases from the Eastern District of Louisiana.  Those cases found that the citizenship of a fictitiously-named defendant could be considered where the allegations provided a "definite clue" about the defendant's identity.  *See, e.g., Tompkins v. Lowe's Home Center, Inc.*, 847 F. Supp. 462, 463-64 (E.D. La. 1994); *Culbertson v. Shelter Mut. Insur. Corp.*, no. 97-1969, 1997 WL 610869, at *2-3 (E.D. La. Sept. 30, 1997).

   The language of the statute is clear and explicit.  The Court must disregard the fictitiously-named defendants' citizenship.  In doing so, the Court acknowledges the more recent cases in this circuit that have indicated that the language of § 1441 does not allow for the "definite clue" jurisprudential exception argued by Plaintiffs.  *Dixon v. Grehyhound Lines, Inc.*, no. 13-0179, 2013 WL 4766797, at *3 (M.D. La. Sept. 4, 2013); *Alonzo v. Shoney's, Inc.*, no. 00-3109, 2001 WL 15641, at *3 (E.D. La. Jan. 5, 2001); *see Vaillancourt v. PNC Bank, Nat'l Assn.*, 771 F.3d 843, 848 n.38 (5th Cir. 2014)(quoting the language of § 1441 in noting that there would be diversity jurisdiction even if claims had been asserted against the fictitiously-named non-diverse defendants in that case).

**4**

This ruling does not preclude Plaintiffs from attempting to remand the case at a later date, should they determine the identity and non-diverse citizenship of these individuals and properly amend their Complaint to reflect such factual allegations.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 5)** filed by Plaintiffs is **DENIED**.

August 3, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE